IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

INDUSTRIAL SILOSOURCE, INC.,

           Plaintiff,

v.                                    CIVIL ACTION NO.  2:08-cv-00926

MAPLEHURST BAKERIES, INC., et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Remand [Docket 13]. For reasons set forth below, the court **GRANTS** the plaintiff's motion and **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia.

**I. Background**

On January 18, 2008, the plaintiff, Industrial SiloSource, Inc. ("ISS"), filed this action in the Circuit Court of Kanawha County, West Virginia ("the West Virginia action") alleging that the defendants breached a contract entered into with the plaintiff for cleaning services when the defendants failed to pay for the services ISS performed. ISS sought a declaratory judgment that the contract was validly entered into in West Virginia and that ISS properly performed all of its obligations under the contract. (Defs.' Notice of Removal Ex. 4-6 [Docket 1].) ISS claimed damages of $11,602.30 plus interest, costs and attorney's fees, and stipulated that it would not seek or accept an amount of total damages in excess of $74,000. (*Id.*) Service of process was perfected

as to defendant Maplehurst Bakeries, Inc. ("Maplehurst") on February 1, 2008, and as to defendant George Weston Bakeries, Inc. on February 4, 2008. (Pl.'s Mot. Remand Ex. A [Docket 13].)

On April 7, 2008, the defendants filed a Motion to Dismiss in state court. (Pl.'s Mem. Supp. Mot. Remand 2 [Docket 14].) While that motion was pending, Maplehurst filed a civil action against ISS in the United States District Court for the Northern District of Georgia (Newman Division – Case No 3:08-cv-052) ("the Georgia action") on May 8, 2008. The Complaint raised breach of contract and negligence claims arising out of the same contract and circumstances as the pending West Virginia action. (Defs.' Resp. Pl.'s Mot. Remand 2 [Docket 16].) In the Georgia action, Maplehurst alleged that the parties were completely diverse and that Maplehurst suffered damages in excess of $75,000, making diversity jurisdiction proper. (Pl.'s Reply Defs. Resp. Pl.'s Mot. Remand Ex. C 2 [Docket 18].) On June 13, 2008, ISS filed its Answer to Maplehurst's Complaint in the Georgia action and argued that Maplehurst's claim was a compulsory counterclaim that must be filed in the West Virginia action. (Defs.' Resp. to Pl.'s Mot. to Remand 3 [Docket 16].) In addition, ISS admitted that Maplehurst was alleging more than $75,000 in damages and thus the amount in controversy exceeded $75,000. (*Id.* 2-3.)

After the defendants' Motion to Dismiss in the West Virginia action was denied on June 27, 2008, the defendants filed a Notice of Removal to this court on July 15, 2008. (Defs.' Notice of Removal [Docket 1]; *Id.* Ex. 7.) In the Notice of Removal, defendants argue that "[t]he first time that [ISS's] intentions could have been ascertained by [the defendants] would have been . . . on June 13, 2008." (*Id.* 4.) The defendants argue further that "[a]t no point prior to [ISS's] affirmative pleading in the Federal Court action in Georgia were the [d]efendants alerted to [ISS's] intentions to litigate not only its claim for an invoice in the amount of $11,602.30, but also Maplehurst's damages, which

-2-

exceed $75,000, as part of its West Virginia declaratory judgment action." (Defs.' Resp. Pl.'s Mot. Remand 4 [Docket 16].) Thus, the defendants rely on the alleged damages in what amounts to their own compulsory counterclaim to satisfy the amount in controversy requirement necessary for this court to have subject matter jurisdiction. In its motion to remand, ISS argues that the defendants' Notice of Removal was not timely and, in the alternative, that the West Virginia action does not meet the amount in controversy requirement for removal under diversity jurisdiction. (Pl.'s Mot. Remand [Docket 13].)

## II. Discussion

The plaintiff makes two arguments supporting its Motion to Remand: First, that the defendants did not timely remove the case; and second, that even if removal was timely, this action's amount in controversy does not satisfy the jurisdictional threshold of $75,000. (*Id.*) As explained below, the defendants did not file their Notice of Removal in a timely manner and therefore this court lacks jurisdiction and must remand the case. Furthermore, even if the defendants had filed within the appropriate time, I would still remand because the amount in controversy upon removal cannot be satisfied by a compulsory counterclaim in this court.

### A. Timeliness of Removal

A defendant in a civil action must file a Notice of Removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b). Over five months passed between service of process and the notice of removal in this case, thus the

defendants clearly did not meet this statutory requirement. The rule, however, further provides that when "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]" *Id.* Thus, the defendants may remove the case only if (1) the case was not removable on its face at the time of the initial pleading and (2) some new information came to light to make the case removable later.

The defendants argue, and the plaintiff agrees, that this case was not removable at the time of the initial pleading. Assuming *arguendo* that the case was not removable as initially filed, the defendants argue that ISS's Answer in the Georgia action—specifically, admitting that Maplehurst was alleging more than $75,000 in damages and arguing that the claim was a compulsory counterclaim that must be dismissed and filed in the West Virginia action—provided the new information that first alerted the defendants that the West Virginia action had become removable. In other words, the defendants argue that their own claim in the Georgia action, which exceeds the amount in controversy, is the new information providing notice that the West Virginia action was removable. Maplehurst further argues that it only received notice of this "new information" upon ISS's Answer in the Georgia action.

In support of its argument, the defendants cite *Lovern v. General Motors Corp.*, 121 F.3d 160, 161 (4th Cir. 1997) for the proposition that the court should not look into the subjective knowledge of the defendants, but rather rely on documents exchanged in the case. It is disingenuous at best, however, for the defendants to claim that they did not know about the value of their own claim or that they were unaware that it was a compulsory counterclaim until after the plaintiff's

Answer in the Georgia action.[1]  Nevertheless, it is not necessary for the court to look into the defendants' subjective knowledge because the documents in this case include a letter from the defendants on December 20, 2007, claiming over $100,000 in damages. (Pl.'s Reply Defs.' Resp. Pl.'s Mot. Remand Ex. A [Docket 18].)  Furthermore, the defendants claimed over $100,000 in damages in both its Motion to Dismiss in West Virginia state court filed in April 2008 and its Complaint in the Georgia action on May 8, 2008. (*Id.* Exs. B and C.)  This evidence shows objectively that the defendants knew of the damages alleged in their compulsory counterclaim well before ISS's Answer in the Georgia action.  Thus, no new information has come to light that would give the defendants an opportunity to remove the case after the initial statutory period of thirty days.

Rather than first becoming aware of an amount in controversy at such a late date, it appears likely that the defendants attempted to remove this case in response to the state court ruling denying the defendants' Motion to Dismiss.  "[T]he extension of the removal period in the case where the initial pleading does not state the factual or legal bases for removal should not be allowed to cover strategic delay interposed by a defendant in an effort to determine the state court's receptivity to his litigating position." *Lovern*, 121 F.3d at 163.  Maplehurst knew of its own damages before ISS even filed this action in West Virginia, but chose to file a Motion to Dismiss with the state court rather than seek removal within the statutory window.  Only after the West Virginia state court denied

---

[1] Rule 13(a) of the West Virginia Rules of Civil Procedure makes compulsory any counterclaim, such as the defendants' claim filed in Georgia federal court, that arises out of the same transaction or occurrence as the opposing party's claim.  The defendants should have been aware of the rule, but nevertheless ignorance of the law is no excuse.  In addition, the West Virginia rule is markedly similar to both Rule 13(a) of the Federal Rules of Civil Procedure and § 9-11-13 of the Georgia Code Annotated.  Thus, all jurisdictions connected in any way to this dispute would have characterized the defendants' claim in the Georgia action to be a compulsory counterclaim in the previously filed West Virginia action.

Maplehurst's Motion to Dismiss on June 27, 2008, did the defendants attempt to remove the case to this court. This attempt to evaluate the success of a claim in state court before trying to remove a case to federal court is exactly the type of gamesmanship which the law abhors.

### B. Amount in Controversy

As the defendants' notice of removal was not timely, the court need not reach the question of whether a compulsory counterclaim is sufficient to satisfy the amount in controversy required for diversity jurisdiction upon removal of an original claim of less than $75,000. This court follows the majority rule that "[t]he amount in controversy ordinarily must be determined from the complaint." *West Virginia State Bar v. Bostic*, 351 F.Supp. 1118, 1121 (S.D. W. Va. 1972); *see also Video Connection of America, Inc. v. Priority Concepts, Inc.*, 625 F.Supp. 1549 (S.D.N.Y. 1986) ("[T]his dispute may be resolved according to the 'well-pleaded complaint' rule. This rule states that a plaintiff cannot create federal jurisdiction by anticipating defendant's defenses and must instead reveal jurisdictional grounds in the complaint. By analogy, whether a court may properly remand a case depends upon the contents of the complaint as drawn by plaintiff 'unaided by the answer or petition for removal.' Nor does a counterclaim affect the amount in controversy." (citations omitted)). Therefore, even if the defendants had filed a notice of removal in a timely fashion, compulsory counterclaims cannot provide the amount in controversy and this court would remand.

### III. Conclusion

Succinctly stated, the defendants' argument for timely removal pushes the boundaries of reasonableness. The defendants received no new information that made the action removable and

filed for removal more than four months after the statutory deadline—this is undoubtedly a failure to perfect proper removal. Thus, after reviewing the entire record, the court **FINDS** that this removal was improper and **GRANTS** the plaintiff's motion to remand.

Because the court **FINDS** that the defendants' arguments in favor of removal "lacked an objectively reasonable basis" the court **ORDERS** that the defendants pay the just costs and accurate expenses of the plaintiff's in defending removal pursuant to 28 U.S.C. § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). These expenses include the plaintiff's attorneys' fees in the matter. The court directs counsel for the plaintiff to file within ten days, in this court, an accounting for time spent and the rate charged for fees incurred in this matter.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and a certified copy of this Order to the Clerk of the Circuit Court of Kanawha County, West Virginia.

        ENTER:       September 15, 2008

_____
Joseph R. Goodwin, Chief Judge